IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. NICHOLS,<br><br>    Plaintiff,<br><br><br><br><br>        vs.<br><br><br><br>TIMOTHY FLETCHER, MOTOR VEHICLE<br>ENFORCEMENT DIVISION, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT<br><br><br><br><br><br>Case No. 2:03-CV-868 TS |

This matter is before the Court on Defendant's Motion for Summary Judgment.[1]

I.  INTRODUCTION

This action stems from the actions taken by Defendant in resolving a dispute over the

ownership of three cars.  Many of the factual details appear to be disputed, but those material to

---

[1]Docket No. 71.  The Court notes that while the Motor Vehicle Enforcement Division is listed as a party in the caption, upon closer examination, Plaintiff's Complaint indicates that Defendant Fletcher is the only defendant in this action.  Moreover, the Court also notes that Plaintiff's case was not fully screened under 28 U.S.C. § 1915.  Had it been so screened, the Court would have found that Plaintiff did not state a cause of action against the Motor Vehicle Enforcement Division.

Defendant's Motion are not.  On July 31, 2000, Defendant, an investigator for the Motor Vehicle

Enforcement Division of the State of Utah ("MVED"), went to Plaintiff's car dealership during

business hours to investigate ownership of three cars which, at one point or another, had been in

control of Plaintiff.  Various individuals claimed that they had purchased the cars from Plaintiff,

but that Plaintiff would not tender them.  While at the dealership, Defendant examined the

business records of Plaintiff, without Plaintiff's permission.  At some point, Defendant obtained

the titles to the cars in dispute.

On August 2, 2000, one of the individuals claiming ownership of the cars—Houseman—

filed a complaint with the MVED.  On August 4, Plaintiff entered into a contract with the MVED

whereby he agreed to hold the cars in question while the MVED investigated the complaint.

Defendant began an investigation relating to the ownership of the cars.  On August 9, Plaintiff

filed a complaint with the MVED asserting his ownership of the vehicles, and alleging that he

had signed the titles under duress.  On August 14, the Motor Vehicle Division ("MVD") issued

certificates of title to Houseman.  Some time thereafter, Defendant determined that Plaintiff had

signed the titles and conferred ownership of the cars to the various individuals.  Defendant

notified Plaintiff "about his complaint and the determination that his claims were unfounded."

Plaintiff did not appeal the denial of his complaint or the MVD determination to issue certificates

of title to Houseman.

On August 24, Defendant went to Plaintiff's dealership and facilitated in the transfer of

the cars to the various individuals, including Houseman.  Plaintiff protested and resisted

Defendant's actions, and Defendant arrested Plaintiff, and charged him with obstruction of

justice.  The charges were later dropped.  In a September 9, 2000 letter, Plaintiff was specifically

given notice of his right to appeal a license suspension by the MVED based, in part, on the

events described above.

Plaintiff has continually maintained that he owns the cars.  Plaintiff brought this 42

U.S.C. § 1983 action against Defendant.  Plaintiff did not file a Notice of Claim.  Plaintiff brings

the following claims: (1) assault and battery, (2) illegal search, (3) illegal seizure, (4) violation of

due process, (5) violation of right to counsel, (6) malicious arrest, and (7) violation of right to

speedy trial and confrontation of witnesses.

Defendant now moves for summary judgment upon the basis that Plaintiff's state law

claims are barred because Plaintiff has not brought a notice of claim, and that Defendant has

qualified immunity against Plaintiff's federal law claims.  After having read the memoranda and

heard oral argument, the Court issues the following ruling.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is proper if the moving party can demonstrate that there is no genuine

issue of material fact and it is entitled to judgment as a matter of law.[2]  In considering whether

genuine issues of material fact exist, the Court determines whether a reasonable jury could return

a verdict for the nonmoving party in the face of all the evidence presented.[3]  Importantly, "[w]e

---

[2]Fed. R. Civ. P. 56(c).

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d
182, 183 (10th Cir. 1991).

liberally construe plaintiff's *pro se* pleadings."[4]  However, liberal construction does not relieve a

plaintiff of his burden to present sufficient facts to state a legally cognizable claim.[5]  Further, a

party's *pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.[6]

 B.  *Plaintiff's State Law Claims*

 The Court first notes that violations of state law are not sufficient to state a claim under §

1983.[7]  The Court, therefore, construes Plaintiff's claims of assault and battery as state law

claims separate from the § 1983 claims.  Under the Utah Governmental Immunity Act,[8] one who

has a claim against a government employee must file a written notice of claim within one year of

the claim arising as a precondition to any action.[9]  Here, Plaintiff concedes that he has not filed a

---

 [4]*White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

 [5]*Id.*

 [6]*See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants).

 [7]*E.g. Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) (citing *Davis v. Scherer*, 468 U.S. 183, 194-95 (1984)); *see also Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1153 n.2 (10th Cir. 2001).

 [8]Utah Code Ann. §§ 63-30-1 *et seq*. (2000), *repealed by* Utah Code Ann. §§ 63-30d-101 *et seq*. (2004).  Alleged injuries occurring before July 1, 2004 are governed by the former statute. Utah Code Ann., Transition clause, Ch. 30d., Title 63.

 [9]*Id*. §§ 63-30-11(2), -12.

notice of claim.[10]  Accordingly, Plaintiff's claims of assault and battery are barred as a matter of

law.

>    *C.  Plaintiff's Federal Constitutional Claims*

Defendant argues that he is entitled to qualified immunity against Plaintiff's Federal

Constitutional Claims.

Qualified immunity is a rebuttable presumption which, once invoked, shifts the burden to

the plaintiff to make a two part showing.[11]  "First, the plaintiff must show that the defendant's

alleged conduct violated the law.  Second, the plaintiff must show that the law was clearly

established when the alleged violation occurred."[12]  "In order for the law to be clearly established

there must have been a Supreme Court or other Tenth Circuit decision on point so that 'the

contours of the right [were] sufficiently clear that a reasonable official would understand that

what he is doing violates that right.'"[13]  If these are met, a defendant must show that "there are no

material factual disputes as to whether his . . . actions were objectively reasonable in light of the

law and the information he or she possessed at the time."[14]

---

[10]Docket No. 75, at ¶ 21.

[11]*Axson-Flynn v. Johnson*, 356 F.3d 1277, 1299 (10th Cir. 2004).

[12]*Id.*

[13]*McFall v. Bednar*, 407 F.3d 1081, 1087 (10th Cir. 2005) (citing *Finn v. New Mexico*, 249 F.3d 1241, 1250 (10th Cir. 2001)).

[14]*Johnson*, 356 F.3d at 1299.

1.  Illegal Search Claim

Plaintiff argues that Defendant illegally searched Plaintiff's business records on July 31, 2000.  Plaintiff also argues that Defendant illegally seized Plaintiff's cars on August 24, 2000.

Defendant contends that Plaintiff cannot demonstrate that Plaintiff's actions in conducting a warrantless search of his business records violated the law.  Defendant asserts that his actions qualify under an exception for administrative inspections of closely regulated businesses set forth in *New York v. Burger*.[15]

The Court finds that Defendant's conduct falls within the exception.  A warrantless inspection of commercial premises may be proper when: (1) there is a substantial government interest that informs the regulatory scheme, (2) the warrantless inspection is necessary to further the regulatory scheme, and (3) the inspection program, in terms of certainty and regularity of its application, provides an adequate substitute for the warrant.[16]

First, car dealers in Utah participate in a closely regulated business because they are licensed by the state,[17] must post bond before conducting business,[18] must maintain owner's

---

[15] 482 U.S. 691, 712 (1987).

[16] *Id.* at 702-03.

[17] Utah Code Ann. 41-3-210(3).

[18] *Id.* § 41-3-205.

security under the Financial Responsibility of Motor Vehicles Owners and Operators Act,[19] and

are subject to periodic inspection.[20]

Second, the regulatory scheme allowing for inspections of Plaintiff's business records

meets the three factors set forth above.  The *Burger* case identified as a substantial state interest

the regulation of vehicle dismantling/automobile-junkyards due to concerns of motor vehicle

theft.[21]  Defendant sets forth a nearly identical state interest here—protecting consumers who

may inadvertently transact business with dealers engaged in fraud, misrepresentation, or

otherwise dealing in stolen goods.  The State's inspection scheme reasonably serves to facilitate

this substantial interest.  Finally, the Court notes that the inspection program is similar in all

critical respects to that approved of in *Burger*.[22]  There is no dispute that Defendant searched

Plaintiff's records during business hours.  Accordingly, Defendant did not conduct an illegal

search.

    2.  Illegal Seizure and Violation of Due Process Claims

Plaintiff argues that Defendant illegally seized Plaintiff's property, without due process,

on August 24, 2000.  Defendant originally countered that Plaintiff's claim must fail because

Plaintiff had no property interest in the cars, Plaintiff suffered no injury, and, therefore, Plaintiff

had no redress.

---

[19]*Id*. §§ 41-12a-103(8), (9); 41-12a-301(2), (5).

[20]*Id.* § 41-3-210(3).

[21]482 U.S. at 708-09.

[22]*Compare id.* at 694 *with* Utah Code Ann. § 41-3-210(3), (4).

A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in [his] property."[23]  "[S]eizures of property are subject to Fourth Amendment scrutiny."[24]  "[R]easonableness . . . is the ultimate standard" and "reflect[s] a 'careful balancing of governmental and private interests.'"[25]  Also, "possessory interests in property invoke procedural due-process protections."[26]

At oral argument, the Court expressed its concern to the State that the ownership of the cars was still in dispute and that established precedent articulated that a law enforcement officer "is not to be [a] participant[] in [a] property deprivation[] without notice and an opportunity to be heard,"[27] and that "it is not for law enforcement officers to decide who is entitled to possession of property."[28]  The Court further expressed concern that Defendant's actions were not adequately based on statutory authority.  The Court subsequently asked the parties to submit supplemental memoranda on these issues.  The parties have done so.  The Court finds that it need not resolve the abovementioned issues because, for the first time, in its supplemental memorandum, the State

---

[23]*Marcus v. McCollum*, 394 F.3d 813, 823 (10th Cir. 2004) (citing *Soldal v. Cook County*, 506 U.S. 56, 61 (1992)).

[24]*Id.* (citing *Soldal*, 506 U.S. at 68).

[25]*Soldal*, 506 U.S. at 71.

[26]*Marcus*, 394 F.3d at 823 (citing *Fuentes v. Shevin*, 407 U.S. 67, 87 (1972)).

[27]*Id.* (citing *Abbott v. Latshaw*, 164 F.3d 141, 149 (3rd Cir. 1998) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972))).

[28]*Abbott*, 164 F.3d at 149.

sets forth facts and argument on the underlying issue of whether Plaintiff received adequate

procedural due process.

In connection with addressing the merits of the due process and illegal seizure claims, the

Court also notes that, while Plaintiff categorically "denies" in his supplemental opposition

memoranda many of the below-mentioned alleged facts on the issue of due process, which have

been set forth in Defendant's supplemental memorandum, Plaintiff fails to elaborate.

"Conclusory allegations [or statements] made by a non-movant will not suffice" on summary

judgment.[29]  The Court, therefore, finds the relevant facts, discussed below, undisputed.

"It is an essential principle of due process . . . that a deprivation of property be preceded

by notice and opportunity for hearing appropriate to the nature of the case. . . . The hearing need

not be elaborate; indeed, something less than a full evidentiary hearing is sufficient."[30]

Importantly, due process is "flexible and calls for such procedural protections as the particular

situation demands."[31]

> The Supreme Court has
>
> set out a three-part test [requiring consideration of three factors] to determine the
> type and amount of procedure required by the Due Process Clause in an
> administrative proceeding . . . . First, the private interest that will be affected by
> the official action; second, the risk of an erroneous deprivation of such interest
> through the procedures used, and the probable value, if any, of additional or
> substitute safeguards; and finally, the Government's interest, including the

---

[29]*United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997).

[30]*Benavidez v. City of Albuquerque*, 101 F.3d 620, 627 (10th Cir. 1996) (internal
quotations and citations omitted).

[31]*Kirkland v. St. Vrain Valley Sch. Dist. No. Re-1J*, 464 F.3d 1182, 1192 (10th Cir. 2006)
(internal quotation and citation omitted).

function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.[32]

The Court finds that, after considering the above factors, adequate procedural due process was rendered to Plaintiff.  The Court makes this finding for several reasons.  First, Plaintiff was clearly on notice by at least August 4, 2000, that the MVED was investigating the disputed ownership of the cars, and that it was possible that Plaintiff would be found to have transferred his ownership interest in them.  Plaintiff was given further notice by a subsequent phone call from Defendant.

Second, Plaintiff was given an opportunity to be heard concerning his version of the events through his August 9 complaint filed with the MVED.  Plaintiff was also given a "post-deprivation" opportunity to be heard, as is evidenced by the MVED's September 9, 2000 letter.[33]

Third, Defendant has set forth by signed affidavit, that pursuant to his investigation, he reviewed:  the signed titles in question; financial documents, including bank statements and checks verifying that Houseman had paid for the cars; and Plaintiff's August 9, 2000 complaint with the MVD—ultimately finding the complaint to be without merit based on previous inconsistent statements by Plaintiff.  Defendant's actions mitigated the risk of erroneous deprivation.  Also, as stated above, Plaintiff's post-deprivation opportunity to respond reduced the risk of any erroneous deprivation.

---

[32]*Benavidez*, 101 F.3d at 626 (internal quotations and citations omitted).

[33]*See Kirkland*, 464 F.3d at 1192-93 (noting attenuation of effect of property deprivation by post-suspension hearing).

In short, the Court finds that the procedural protections followed by Defendant Fletcher were adequate for the demands of the situation.  As a matter of law, Plaintiff's rights to procedural due process were not violated.  The Court further finds, in light of the above discussion, that Defendant's actions were not unreasonable under the Fourth Amendment, and that the cars in dispute were not illegally seized.

3.  Right to Counsel Claim

Plaintiff argues that he was denied right to counsel on August 24, 2000, when Defendant facilitated transfer of the cars.  Defendant argues that, because Plaintiff was not charged with any crime in connection with the vehicles, judicial proceedings had not been initiated and no Sixth Amendment right was triggered.

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  "The Sixth Amendment right to counsel is triggered at or after the time that judicial proceedings have been initiated . . . whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."[34]

The Court finds, as a matter of law, that Plaintiff's right to counsel was not triggered on August 24, 2000, because no formal charges had been brought and no judicial proceedings initiated against Plaintiff.

---

[34]*Fellers v. United States*, 540 U.S. 519, 523 (2004) (quoting *Brewer v. Williams*, 430 U.S. 387, 398 (1977) and *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)).

4.  Right to Speedy Trial and to Confront Witnesses Claims

Plaintiff asserts that his rights to a speedy trial and to confront witnesses were denied when charges unrelated to this action were dropped by the Government.  The Court finds Plaintiff's claims fail as a matter of law.  The Sixth Amendment does not provide that those charged with a crime have a right to trial and to confront witnesses where the charges are dropped.

To summarize, the Court finds that there are no disputed material facts as to the relevant issues, and that Plaintiff has not met his burden of showing that Defendant's alleged conduct violated the law.  Accordingly, Defendant is entitled to the protections of qualified immunity. The Court will grant Defendant's Motion.

### III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 71) is GRANTED.  The Clerk of the Court shall enter judgment in this case for Defendant as to all claims and the case shall be closed forthwith.

DATED   June 19, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

12